**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER CASTILLO-LOPEZ, | No. 23-1074 |
| Petitioner, | A206-889-379 |
| v. | |
| MERRICK GARLAND, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 20, 2024**
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and LASNIK,*** District Judge.
Concurrence by Judge VANDYKE.

Walter Castillo-Lopez, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' (the "Board") order affirming the Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Judge's ("IJ") order denying Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The central question is whether substantial evidence supports the IJ's adverse credibility determination. We review credibility determinations for substantial evidence, affirming the agency's findings unless "any reasonable adjudicator would be compelled to" reach a different conclusion. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (quotations omitted). An IJ has broad discretion in assessing credibility and may base findings on inconsistent or implausible testimony, regardless of whether it goes to the heart of the claim. *Shrestha v. Holder*, 590 F.3d 1034, 1039–43 (9th Cir. 2010). There are multiple inconsistencies in Petitioner's testimony, but we restrict our review to those relied on by the Board.

As an initial matter, Petitioner's applications for asylum and withholding of removal are based on two incidents in which he was physically and verbally assaulted by members of the FMLN, a political party, due to Petitioner's affiliation with the mayor, a member of the ARENA, an opposing political party. Petitioner testified that he was active in the mayoral campaign, had worked directly with the mayor, and was well known in his town for being affiliated with the mayor. However, support letters from the mayor and members of the Petitioner's family did not corroborate his

2

testimony; they all stated that Petitioner participated in the presidential campaign, not the mayoral campaign. When confronted with the discrepancy, Petitioner failed to adequately explain the conflicting evidence. Second, Petitioner inconsistently answered questions relating to the identity of his attackers. He testified that he was attacked by members of the FMLN party who were also affiliated with the 18th Street gang, yet he changed his answer several times when asked how he knew his attackers were gang members and how many of his attackers were gang members. The agency could conclude that, when asked, Petitioner could not adequately explain the discrepancies. Therefore, substantial evidence supports the adverse credibility determination.

Absent credible testimony, Petitioner's asylum and withholding of removal applications fail. When a petitioner fails to corroborate non-credible testimony, as is the case here, it "can be fatal to his asylum application." *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013) (quotations omitted). "[W]here, as here, the claim for withholding is based on the same facts as the claim for asylum, the failure to establish eligibility for asylum results in the failure to demonstrate eligibility for withholding." *Id.* at 1338 n.3. Petitioner has not argued—to this Court or the Board—that he submitted sufficient corroborating evidence to rehabilitate his credibility or independently prove his claims. Absent credible evidence of persecution, Petitioner fails to establish eligibility for asylum and withholding of removal. *Pedro–Mateo v.*

3

*INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). Substantial evidence supports the Board's conclusion.

An adverse credibility determination does not necessarily preclude relief under CAT. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). To qualify for protection, an applicant must show it is "more likely than not that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Petitioner fails to meet his burden because general ineffectiveness and inability to stop gang violence is insufficient, and the record does not establish a likelihood that the government would aid or acquiesce in his torture. *Lue De Cano v. Garland*, 851 F. App'x 700, 703 (9th Cir. 2021). Further, the Board did not err in failing to aggregate the risks of torture. It correctly considered Petitioner's argument that his CAT claims "dovetail" with his asylum and withholding claims, as well as his statement that his alleged attackers were the "only" people he was afraid of. Thus, substantial evidence supports denial of protection under CAT.

**PETITION DENIED.**

*Walter Castillo-Lopez v. Merrick Garland*, No. 23-1074
VANDYKE, Circuit Judge, concurring in the result:

I concur in the result.

FILED

AUG 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS